# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| EVONNE THOMAS ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CREDIT MANAGEMENT, LP ) <br> ) <br>     Defendant. ) <br> ) | Case No. 1:16-cv-00350-TLS-SLC <br><br> Chief Judge Theresa L. Springmann <br> Magistrate Judge Susan L. Collins |

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF
## MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56

Plaintiff, Evonne Thomas ("Plaintiff"), through her undersigned counsel, submitting this Memorandum in Support of her Motion for Summary Judgment Pursuant to Rule 56 of the Federal Rules of Civil Procedure ("*Rule 56 Motion*"), states as follows:

### INTRODUCTION

Plaintiff alleges that Defendant, Credit Management, L.P. ("Defendant"), violated the Fair Debt Collection Practices Act ("FDCPA") by impermissibly communicating with Plaintiff's sister in connection with Plaintiff's consumer debt. In light of the pleadings and the evidence adduced in this litigation, Plaintiff's claims are now ripe for adjudication on the merits. As such, Plaintiff now submits her *Rule 56 Motion* and this brief in support thereof. For the reasons set forth herein, judgment should be rendered as a matter of law on Plaintiff's claims in their entirety.

### UNDISPUTED FACTS

Plaintiff submits the following listing of all material facts to which she contends there is no dispute or genuine issue:

1. Plaintiff brings this action under the FDCPA. Amended Complaint (ECF 7), ¶ 1.

2. This Court has federal question jurisdiction over Plaintiff's claims. *Id.*, ¶ 2.

3. Plaintiff is a natural adult person residing in the Northern District of Indiana. *Id.*, ¶ 4.

4. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692(a)(3). *Id.*, ¶ 5.

5. Defendant is a Nevada limited partnership that is registered with the Indiana Secretary of State under Business ID number 2002030400014. *Id.*, ¶ 7; Answer (ECF 11), ¶ 7.

6. Defendant is a "debt collector" under the FDCPA, as defined by 15 U.S.C. § 1692(a)(6). Amended Complaint, ¶ 8; Answer, ¶ 8.

7. The subject debt was incurred by Plaintiff in connection with cable service through Comcast. Amended Complaint, ¶ 22; Defendant's Rule 26(a)(1) Initial Disclosures (a copy of which is attached to this motion as Exhibit 1), ¶ 1.

8. Nancy Baugmtner is Plaintiff's sister. Amended Complaint, ¶ 10 and Exhibit A.

9. On July 27, 2016, Nancy Baugmtner received a phone call to her home phone number, (260) 456-xxxx, and a voicemail message was left by Defendant. Amended Complaint, ¶¶ 11-13 and Exhibit A; Thomas_CMLP_001 – 005 (a copy of which is attached collectively to this motion as Exhibit 2).

10. During the voicemail, Defendant's representative stated they were calling from "Credit Management, LP" and that they were a debt collector attempting to collect a debt. *Id.*

11. During the voicemail, Defendant's representative identified "Evonne Thomas" as the person they were looking for in connection with the subject debt. *Id.*

12. On August 22, 2016, Nancy Baugmtner received a phone call from Defendant to her home phone number, (260) 456-xxxx. *See* Thomas_CMLP_001 – 005.

13. On August 31, 2016, Nancy Baugmtner received a phone call from Defendant to her home phone number, (260) 456-xxxx. *Id.*

14. Nancy Baugmtner told Plaintiff that Defendant was trying to contact her in regards to an outstanding debt Plaintiff owed to Defendant. Amended Complaint, Exhibit A.

15. Nancy Baugmtner and Plaintiff do not discuss their finances with each other and, up until this incident, Nancy Baugmtner was unaware of any collection activity against Plaintiff. Amended Complaint, ¶ 14 and Exhibit A.

## LEGAL STANDARD

Rule 56 of the Federal Rules of Civil Procedure states, in relevant part: "The court shall grant summary judgment if the movant shows that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). In determining the existence of a genuine issue of material fact, the Court must draw all reasonable inferences in a light most favorable to the non-moving party. *Bennington v. Caterpillar, Inc.*, 275 F.3d 654, 658 (7th Cir. 2001). To defeat a motion on summary judgment, the non-moving party must produce evidence that is more than simply mere allegations or denials. *See Natal v. Medistar, Inc.*, 221 F. Supp. 3d 999, 1002-1003 (N.D. Ill. 2016) (*citing Hardrick v. Airway Freight Systems, Inc.*, 63 F. Supp. 2d 898, 901 (N.D. Ill. 1999); *Vukadinovich v. Bd. of Sch. Trs. of N. Newton Sch.*, 278 F.3d 693, 699 (7th Cir. 2002)). "The nonmovant will successfully oppose summary judgment only when it presents 'definite, competent evidence to rebut the motion.'" *Vukadinovich*, 278 F. 3d at 699 (*citing EEOC v. Sears, Roebuck & Co.*, 233 F.3d 432, 437 (7th Cir. 2000)).

## ARGUMENT

The FDCPA imposes three requirements to establish a violation of federal law: (1) the defendant qualifies as a "debt collector" as defined in § 1692a(6); (2) the actions complained of were taken "in connection with the collection of any debt;" and (3) the defendant's actions violated one or more substantive provisions of the FDCPA. *Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 384 (7th Cir. 2010). The facts necessary and material to establish each of these three determinations are cited above and uncontroverted.

The FDCPA generally prohibits a debt collector from communicating, in connection with the collection of any consumer debt, "with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor,

or the attorney of the debt collector," without the prior consent of the consumer. *See* 15 U.S.C. § 1692c(b). As an exception to this general rule, the FDCPA allows a debt collector to communicate "with any person other than the consumer for the purpose of acquiring location information about the consumer." *See* 15 U.S.C. § 1692b(2). However, if it chooses to do this, the debt collector must "identify himself, state that he is confirming or correcting location information concerning the consumer, and . . . not state that such consumer owes any debt." *Id.*

Plaintiff alleged in her complaint that Defendant violated 15 U.S.C. §§ 1692b(2), c(b), d and f during its July 27, 2016 call to Nancy Baugmtner by disclosing to Nancy Baugmtner that it was a debt collector attempting to collect a debt owed by Plaintiff. *See* Amended Complaint (ECF 7), ¶¶ 22-23. The July 27, 2016 phone communication violated the plain language of 15 U.S.C. § 1692b(2) because Defendant: (i) did not state that it was confirming or correcting location information concerning Plaintiff; and (ii) identified Plaintiff as the subject debtor. *Id.* Plaintiff supported her allegations with an affidavit signed by Nancy Baugmtner and, with discovery closing in this case on October 25, 2017, Plaintiff's allegations currently remain uncontroverted.

For these reasons, as outlined further in this memorandum, Plaintiff is entitled to summary judgment on her claims in their entirety.

**I.     A Call Log Was The Only Evidence Produced By Defendant In This Case.**

The only shred of evidence produced by Defendant in this entire litigation was a five-page call log which, if anything, bolsters Plaintiff's case because it reflects the five (5) calls that Defendant made to Nancy Baugmtner (the "Call Log"). *See* Exhibit 2 at Thomas_CMLP_005. Defendant did not produce any other evidence in this case to rebut the undisputed facts as recited herein and/or support its two (2) affirmative defenses.

## II. Defendant's Bona Fide Error Defense is Without Merit.

Defendant's first affirmative defense states as follows: "Any violation of the FDCPA was not intentional, and resulted from a bona fide error within the meaning of 15 U.S.C. § 1692k." Answer (ECF 11), ¶ 26. To assert the affirmative defense of bona fide error, Defendant must satisfy three prongs by a preponderance of the evidence: (1) that the alleged violation was unintentional; (2) that the violation was the result of a genuine error; and (3) that the error occurred despite policies and/or procedures reasonably maintained by the debt collector to avoid such errors. *See Buckley v. AFNI, Inc.*, 133 F. Supp. 3d 1140, 1152 (S.D. Ind. 2016) (*citing Ruth v. Triumph P'ships*, 577 F.3d 790, 796 (7th Cir. 2009); *Kort v. Diversified Collection Svcs., Inc.*, 394 F.3d 530, 537 (7th Cir. 2005)). A mistaken or erroneous interpretation of the FDCPA's requirements, however, is not sufficient to establish a bona fide error. *Jerman v. Carlisle*, 559 U.S. 573 (2010) (holding that a mistake of law cannot constitute a bona fide error). In the present case, Defendant failed to produce any evidence whatsoever towards establishing a bona fide error defense, and should therefore be precluded from producing same now.

Defendant failed to produce evidence to show that the alleged violations of the FDCPA were in any way unintentional, or the result of a bona fide or genuine error. Rather, Defendant produced only the Call Log which shows, unequivocally, that Defendant called Nancy Baumgtner on no less than five (5) separate occasions over the course of a month. *See* Exhibit 2. To suggest that five (5) calls to a number that displayed the same third-party name were placed unintentionally or erroneously defies all logic and common sense. Moreover, Defendant did not produce any information or evidence to offer any alternative explanation for its calls to Nancy Baugmtner (*e.g.*, Plaintiff consented to the calls Defendant made to Nancy Baugmtner; Nancy Baugmtner was associated with the ownership of the subject debt; Plaintiff was associated with Nancy

5

Baugmtner's telephone number). For these reasons, Defendant's bona fide error defense must necessarily fail as a matter of law and should be disregarded entirely.

  **III.**  **Defendant Willfully Failed to Provide Discoverable Information and Documentation to Plaintiff, Including Information and Documentation Relevant to Its Bona Fide Error Defense.**

Defendant failed to provide any evidence whatsoever relating to internal policies and procedures, if any, it has adopted to prevent violations of 15 U.S.C. §§ 1692b(2), c(b), d and/or f. In fact, Defendant has willfully withheld relevant and discoverable information from Plaintiff throughout this case. In serving Plaintiff's First Set of Interrogatories and Requests for Production of Documents to Defendant on May 11, 2017, Plaintiff requested that Defendant: (i) "describe Defendant's maintenance of procedures reasonably adapted to avoid violations of the FDCPA" (Interrogatory No. 14); (ii) "identify all manuals and other documents used by Defendant in the training of its employees with compliance to the FDCPA" (Interrogatory No. 15); (iii) "produce all documents, records, manuals, policies, and protocols that you have adopted for compliance with any state or federal consumer protection statutes, rules, or regulations" (Document Request No. 9); (iv) "produce all documents relating to your internal systems, policies, and procedures employed to instruct and train employees how to perform their duties relating to delinquent consumer accounts" (Document Request No. 12); and (v) "produce all documents you intend to rely upon to support any of your affirmative defenses, including the doctrines of waiver, laches, estoppel, bona fide error, or any other affirmative defenses" (Document Request No. 13). *See Defendant's Objections and Responses to Plaintiff's Interrogatories* and *Defendant's Objections and Responses to Plaintiff's Requests for Production of Documents*, attached collectively to this memorandum as Exhibit 3.

Defendant responded to Interrogatory Nos. 14 and 15 with boilerplate objections and by stating that "CMLP has withheld but will produce relevant policies and procedures specific to the claims and defenses at issue upon entry of a protective order." *See* Exhibit 3 at Interrogatory Nos. 14 and 15. Defendant responded in a similar manner to Document Request Nos. 9, 12 and 13, stating that "CMLP has withheld responsive documents." *See* Exhibit 3 at Document Request Nos. 9, 12 and 13. Despite a discovery battle in connection with the aforementioned requests culminating in a Motion to Compel filed by Plaintiff (ECF 21), Defendant ultimately failed to supplement its responses and/or withdraw its objections to Plaintiff's discovery requests, or produce any of the responsive documents and information it said it was withholding.

Pursuant to FED. R. CIV. P. 26(e), Defendant had an obligation to supplement its discovery responses. *See* FED. R. CIV. P. 26(e) ("[A] party who has made a disclosure under Rule 26(a) – or who has responded to an interrogatory, request for production, or request for admission – must supplement or correct its disclosure or response: A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the parties during the discovery process or in writing; or B) as ordered by the court"). Nevertheless, completely disrespecting this rule, and without any regard for Plaintiff's repeated reminder of same, Defendant failed to produce additional information and documentation in its possession relevant to this case. Under Rule 26(e)'s mandatory and self-executing disclosure provisions, Defendant was therefore obligated to produce supplemental documents and other evidence relevant to its defenses. Plaintiff served specific discovery requests seeking from Defendant the very same information that it should have disclosed to Plaintiff up front, but was summarily denied production of relevant and responsive materials by Defendant without substantial justification.

**IV.	Exclusion of Evidence Not Produced Is Appropriate and Necessary Here**.

FED. R. CIV. P. 37(c)(1) provides, in pertinent part:

> "***Failure to Disclosure or Supplement***.  If a party fails to provide information or to identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.  In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)."

Sanctions under Rule 37(b)(2)(A) may include:  directing that certain facts be taken as established; prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; striking pleadings in whole or in part; dismissing the action or proceeding in whole or in part; and rendering a default judgment against the disobedient party."  *See* FED. R. CIV. P. 37(b)(2)(A).  Unlike conventional discovery, a party's disclosure obligations are self-executing and automatic.  If a party does not properly and timely comply with Rule 26(e), it may not use the evidence it failed to disclose or supplement in a timely fashion.  *See* FED. R. CIV. P. 37(c).  Exclusion of evidence is the only appropriate remedy for a party's complete failure to disclose it.  As stated in the Advisory Committee notes to the 1993 Amendment of FED. R. CIV. P. 37(c):

> "**Subdivision (c)**.  The revision provides a self-executing sanction for failure to make a disclosure required by Rule 26(a), without need for a motion under subdivision (a)(2)(A). Paragraph (1) prevents a party from using as evidence any witnesses or information that, without substantial justification, has not been disclosed as required by Rules 26(a) and 26(e)(1).  This automatic sanction provides a strong inducement for disclosure of material that the disclosing party would expect to use as evidence, whether at trial, at a hearing, or on a motion, such as one under Rule 56."  FED. R. CIV. P. 37(c), advisory committee note (1993).

The only exceptions in Rule 37(c) are for circumstances in which the failure to disclose was with "substantial justification" or in which the failure to disclose was "harmless." *See* FED. R. CIV. P. 37(c)(1); *S. States Rack & Fixture, Inc. v. Sherwin Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003); *Torres v. City of L.A.*, 548 F.3d 1197, 1213 (9th Cir. 2008); *see also Wilson v. Bradlees of New England, Inc.*, 250 F.3d 10, 21 (1st Cir. 2001) ("[I]t is the obligation of the party facing sanctions for belated disclosure to show that its failure to comply with [Rule 37(c)(1)] was either justified or harmless. . ."). Neither exception applies here.

Ultimately, Defendant wanted to have it both ways: defending Plaintiff's claims without producing the basis for its defenses. If Defendant wants to play that game, it is only fair that it then be precluded from using documents and evidence that it refused to disclose and provide pursuant to Rule 26(a)(1) and Rule 26(e). In light of Defendant's willful failure to produce relevant discovery under Rule 26, the Court must order the suppression of such evidence pursuant to Rule 37(c)(1). Any evidence now produced for the first time in this case by Defendant in an effort to refute or defend against Plaintiff's claims must be excluded from the record.

V. **Plaintiff Meets the Actual Injury Standard for Article III Standing.**

Defendant's second affirmative defense states as follows: "Defendant denies that Plaintiff has a specific and concrete injury in fact as required to pursue a case in an Article III Court." Answer (ECF 11), at ¶ 27. At no time during the pendency of this litigation has Defendant once raised this defense or challenged Plaintiff's standing or the jurisdiction of this Court. However, even if Defendant were to raise such a challenge now, the argument nonetheless lacks merit.

In the immediate case, Plaintiff has alleged an invasion of her privacy under the FDCPA, specifically relating to the disclosure of sensitive information to a third-party in connection with Defendant's collection of an alleged consumer debt. 15 U.S.C. § 1692(a) states, in relevant part:

"Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to *invasions of personal privacy*." (emphasis added). Here, Congress specifically identified invasion of privacy as a harm caused by abusive debt collection practices such as those engaged in by Defendant in this case. Plaintiff and Nancy Baugmtner did not discuss their private financial affairs with one another, and Nancy Baugmtner had no reason to know of any alleged debts owed by Plaintiff prior to Defendant's calls to her. As such, Defendant violated Plaintiff's specific and well-defined individual rights, protecting her against invasions of personal privacy. The FDCPA is a strict-liability statute designed to remediate such abuses. The injury is therefore "concrete and particularized" as envisioned by the *Spokeo* rulings, and Plaintiff has thus satisfied all requirements for Article III standing and relief.

## VI. Plaintiff Reserves the Determination of Damages for the Jury.

Through her Rule 56 Motion, Plaintiff seeks summary judgment in her favor only with regard to Defendant's liability under the FDCPA. The determination of damages, as requested in Plaintiff's Amended Complaint, is reserved for trial by jury. *See Kobs v. Arrow Service Bureau, Inc.*, 134 F.3d 893 (7th Cir. 1986).

### CONCLUSION

The undisputed facts contained within the record of this case unequivocally demonstrate that Defendant violated multiple provisions of the FDCPA – namely 15 U.S.C. §§ 1692b(2), c(b), d and f – in connection with its efforts to collect the subject debt from Plaintiff. As Defendant failed to produce any shred of evidence to refute Plaintiff's claims and/or support its defenses in this case, and given that discovery has now been closed for over three (3) months, Defendant is now prohibited from supporting its defenses or opposing Plaintiff's claims with new evidence that it has yet to disclose.

For the foregoing reasons, Plaintiff, Evonne Thomas, respectfully requests that this Court enter an Order granting summary judgment in her favor as to Plaintiff's claims against Defendant, Credit Management, L.P., in their entirety, and grant Plaintiff any further legal or equitable relief that the Court deems appropriate.

DATED this 30th day of January, 2018.   Respectfully Submitted,

   */s/ Geoff B. McCarrell*
Geoff B. McCarrell #0086427
David S. Klain #0066305
CONSUMER LAW PARTNERS, LLC
435 N. Michigan Ave., Suite 1609
Chicago, Illinois 60611
(267) 422-1000 (phone)
(267) 422-2000 (fax)
geoff.m@consumerlawpartners.com

*Counsel for Plaintiff, Evonne Thomas*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing *Plaintiff's Memorandum in Support of Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56* is being filed electronically with the United States District Court for the Northern District of Indiana, on this 30th day of January, 2018. Notice of this filing will be transmitted to counsel of record by operation of the Court's electronic filing system.

   */s/ Geoff B. McCarrell*
Geoff B. McCarrell #0086427
CONSUMER LAW PARTNERS, LLC