UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| EVONNE THOMAS | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:16-cv-00350-TLS-SLC |
| | ) | |
| v. | ) | Chief Judge Theresa L. Springmann |
| | ) | Magistrate Judge Susan L. Collins |
| CREDIT MANAGEMENT, LP | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56**

Plaintiff, Evonne Thomas ("Thomas"), submitting this response memorandum in opposition to *Defendant's Motion for Summary Judgment Pursuant to FED. R. CIV. P. 56* [Doc. # 31-32] ("Defendant's Rule 56 Motion"), states:

### INTRODUCTION

Defendant's Rule 56 Motion relies exclusively on the *Declaration of Nelson Wilson* (the "Wilson Declaration") [Doc. # 32-1], whose personal knowledge is based on his "review of relevant business records related to this litigation."  *See* Wilson Declaration at para. 4.  As Defendant failed to produce such purported "relevant business records" to Plaintiff at any point during the course of this litigation, the Wilson Declaration must be disregarded and Defendant's Rule 56 Motion denied in its entirety.  Regardless of whether or not the Wilson Declaration is deemed admissible, Defendant's Rule 56 Motion nonetheless fails for the reasons cited herein.

### STATEMENT OF GENUINE DISPUTES

Pursuant to L.R. 56-1(b)(2), Plaintiff identifies the following material factual assertions proffered by Defendant in its Rule 56 Motion that are genuinely disputed by Plaintiff so as to make trial necessary:

1. Defendant did not have any accounts associated with Plaintiff.

2. No outbound calls were placed by Defendant to the phone number identified in Plaintiff's Complaint (260-456-0732) at any time.

3. One (1) outbound call was made by Defendant to the phone number identified in the Baugmtner Affidavit (260-310-6880) on August 20, 2014.

4. The August 20, 2014 call did not result in a live conversation.

Despite a five-page call log being the only shred of evidence produced by Defendant in this entire litigation (the "Call Log"), it alone refutes the above-stated factual assertions proffered by Defendant. *See* Call Log, a copy of which is attached hereto as Exhibit 1. Notably, the Call Log reflects multiple outgoing calls placed to (260) 456-0732 and (260) 310-6880.

## ARGUMENT

I. THE WILSON DECLARATION SHOULD BE DISREGARDED AND STRIKEN.

For the reasons outlined in *Plaintiff's Motion to Strike Exhibit to Defendant's Motion for Summary Judgment* [Doc. # 35-36], the Wilson Declaration is inadmissible and should be disregarded and striken from the record. As Defendant's Rule 56 Motion relies exclusively on the Wilson Declaration, it must be denied in its entirety.

II. THE BAUGMTNER AFFIDAVIT SHOULD BE DEEMED TO BE ADMISSIBLE.

Defendant argues that Nancy Baugmtner's affidavit, attached as Exhibit A to Plaintiff's Amended Complaint [Doc. # 7] (the "Baugmtner Affidavit"), cannot be considered as evidence because it is undated. Plaintiff does not challenge Defendant's assertion that the Baugmtner Affidavit was undated as filed on October 25, 2016. However, FED. R. CIV. P 56(e) provides in pertinent part that the "court may permit affidavits to be supplemented or opposed by. . . further affidavits," and the court has great discretion in making these determinations. *See Maldonado v. U.S. Bank*, 186 F.3d 759, 769 (7th Cir. 1999). Therefore, as a supplement to the Baugmtner Affidavit, Plaintiff attaches hereto as Exhibit 2 the Declaration of Geoff B. McCarrell (the

"McCarrell Declaration"). The McCarrell Declaration explains that a "Certificate of Completion" was generated by DocuSign, the electronic signature program used by Plaintiff's attorneys to obtain Ms. Baugmtner's signature on the Baugmtner Affidavit, which provided a time-stamp certifying the exact date and time the affidavit at issue was signed by Ms. Baugmtner. Furthermore, a copy of the Certificate of Completion is attached to the McCarrell Declaration, which ultimately reflects that Ms. Baugmtner signed the affidavit on October 6, 2016 at 7:44 AM.

The McCarrell Declaration, filed herewith to supplement the Baugmtner Affidavit, ultimately renders the Baugmtner Affidavit compliant with 28 U.S.C. § 1746. As such, the Baugmtner Affidavit should be deemed admissible in support of Plaintiff's claims.

III. EVEN IF DEFENDANT NEVER SPOKE DIRECTLY WITH PLAINTIFF OR BAUGMTNER, A VOICEMAIL LEFT ON BAUGMTNER'S ANSWERING MACHINE STILL CONSTITUTES A 'COMMUNICATION' UNDER THE FDCPA.

Defendant admits that it made one (1) outbound call to the phone number identified in the Baugmtner Affidavit, but attempts to argue that it should escape liability under the FDCPA because it never had a live conversation with Plaintiff or Baugmtner. However, the Amended Complaint alleges that Defendant left a voicemail in connection with a call it placed to Baugmtner, and Defendant does not challenge or provide any evidence to refute this allegation.

The FDCPA defines the term "communication" broadly as "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692(a)(2). Court decisions have rejected narrowing constructions of the term "communication." *See, e.g., Allen ex rel. Martin v. LaSalle Bank, N.A.*, 629 F.3d 364 (3d Cir. Jan. 12, 2011); *Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 384 (7th Cir. 2010); *Horkey v. J.V.D.B. & Assocs., Inc.*, 333 F.3d 769, 774 (7th Cir. 2003). Section 1692c(b) prohibits debt collectors from leaving voicemail messages if the voicemail may be heard by third parties. *See, e.g., Thompson v. Diversified Adjustment Servs., Inc.*, 2013 WL 3973976 (S.D. Tex. July 31, 2013); *Kelemen v. Prof'l Collection*

3

*Sys.*, 2011 WL 31396 (M.D. Fla. Jan. 4, 2011). The Eleventh Circuit held that a debt collector leaving a voicemail message must disclose that it is a debt collector as required by section 1692e(11) and could not ignore that provision to avoid violating section 1692c(b)'s prohibition on disclosing the debt to a third party. *See Edwards v. Niagara Credit Solutions, Inc.*, 584 F.3d 1350 (11th Cir. 2009). The court noted that "the Act does not guarantee a debt collector the right to leave answering machine messages." *Edwards*, 584 F.3d at 1354. *See also Chalik v. Westport Recovery Corp.*, 677 F. Supp. 2d 1322 (S.D. Fla. 2009); *Inman v. NCO Fin. Sys., Inc.*, 2009 WL 3415281 (E.D. Pa. Oct. 21, 2009); *Mark v. J.C. Christensen & Assocs., Inc.*, 2009 WL 2407700 (D. Minn. Aug. 4, 2009); *Costa v. Nat'l Action Fin. Servs.*, 634 F. Supp. 2d 1069 (E.D. Cal. 2007).

## CONCLUSION

For the foregoing reasons, Plaintiff, Evonne Thomas, respectfully requests this Court deny *Defendant's Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56* in its entirety.

DATED this 13th day of March, 2018.   Respectfully Submitted,

                                                     */s/ Geoff B. McCarrell*
Geoff B. McCarrell #0086427
David S. Klain #0066305
CONSUMER LAW PARTNERS, LLC
435 N. Michigan Ave., Suite 1609
Chicago, Illinois 60611
(267) 422-1000
(267) 422-2000
geoff.m@consumerlawpartners.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on this 13th day of March, 2018, a copy of the foregoing *Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56* was filed with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record via the Court's electronic filing system.

      */s/ Geoff B. McCarrell*
Geoff B. McCarrell #0086427
CONSUMER LAW PARTNERS, LLC