# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| EVONNE THOMAS, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) CAUSE NO.: 1:16-CV-350-TLS |
| CREDIT MANAGEMENT, LP, | ) |
| Defendant. | ) |

## OPINION AND ORDER

The Plaintiff, Evonne Thomas, alleges that the Defendant, Credit Management, LP, violated the Fair Debt Collection Practices Act (FDCPA) by impermissibly communicating with the Plaintiff's sister about the Plaintiff's consumer debt. This matter is before the Court on the Plaintiff's Motion for Summary Judgment [ECF No. 29], the Defendant's Motion for Summary Judgment [ECF No. 31], and the Plaintiff's Motion to Strike Exhibit to Defendant's Motion for Summary Judgment [ECF No. 35].

## BACKGROUND

**A.    The Pleadings**

On September 30, 2016, the Plaintiff filed her Complaint, identifying Credit Management Company as the Defendant. She alleged that, in or around July 2016, Nancy Baugmtner, who is the Plaintiff's sister, received a phone call to her home telephone number of 260-456-0732. The caller identified himself or herself as a debt collector attempting to collect a debt owed by the Plaintiff. Prior to this telephone call, Baugmtner was not aware of any collection activities against the Plaintiff. The Complaint referenced the Affidavit of Nancy Baugmtner, which was

attached as Exhibit A. According to this Affidavit, on or around July 2016, Baugmtner received a voice mail on her home telephone from telephone number 260-310-6880. (ECF No. 1-1, ¶ 1). Baugmtner asserted that the "person on the phone identified themselves as calling from Credit Management Company. They stated that they were a debt collector attempting to collect on a debt. Then, they asked for my sister, Evonne Thomas." (*Id.* ¶ 2)

The Plaintiff asserted that the Defendant's communication with her sister violated 15 U.S.C. §§ 1692b(2) and c(b), which limit the communications a debt collector may have with any person other than the consumer; 15 U.S.C. § 1692d, which states that a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt;" and 15 U.S.C. § 1692f, which prohibits the use of "unfair or unconscionable means to collect or attempt to collect any debt."

On October 24, 2016, the Plaintiff moved to amend her Complaint on grounds that she should have identified Credit Management, LP, as the Defendant, not Credit Management Company. The Plaintiff explained that, after she initiated suit, Credit Management Company contacted the Plaintiff's counsel and advised that it was not the proper party. After the Motion to Amend was granted, the Plaintiff filed her Amended Complaint. Baugmtner's attached Affidavit was the same as the Affidavit provided with the original Complaint, except that two references to Credit Management Company were changed to Credit Management, LP.

**B.      The Pending Motions**

On January 30, 2018, the Plaintiff filed her Motion for Summary Judgment. The Plaintiff reasserted the facts set forth in her Amended Complaint and Baugmtner's Affidavit.

Additionally, she argued that a call log provided by the Defendant during discovery supported her contention that the Defendant called 260-456-0732, the number identified in the Amended Complaint as Baugmtner's home telephone number, on July 27, 2016, August 22, 2016, and August 31, 2016. The Plaintiff stated that she incurred the consumer debt at issue in connection with cable services through Comcast. In support, she designated the Defendant's Rule 26(a)(1) initial disclosures, which identify representatives, employees, agents and the custodian of records of Comcast as potentially having information "regarding subject debt and Credit Management's affirmative defenses." (ECF No. 30-1 at 3.)

Having identified these facts as being undisputed, the Plaintiff argued that summary judgment was appropriate because the Defendant's July 27, 2016, telephone communication with her sister violated the plain language of the FDCPA. Specifically, it was a communication that was not authorized by 15 U.S.C. § 1692c(b), which states:

> Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

To qualify under the § 1692b exception, the debt collector must "identify himself, state that he is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his employer." 15 U.S.C. § 1692b(1). Additionally, the debt collector may not state that a consumer owes debt when "communicating with any person other than the consumer for the purpose of acquiring location information about the consumer." *Id.* § 1692b(2). The Plaintiff maintains that the only evidence the Defendant produced in this litigation, the five-page

3

call log, does not refute the Plaintiff's facts or establish the affirmative defenses set out in the Defendant's Answer to the Amended Complaint.

In response, and through its own Motion for Summary Judgment, the Defendant argued that the Plaintiff did not present admissible evidence in support of her claims. Additionally, the Defendant presented its own evidence to refute the Plaintiff's claims. Specifically, it provided the Declaration of Nelson Wilson, the Director of Compliance & Quality Assurance for Defendant and a person familiar with the software and hardware systems used to maintain the Defendant's records. (Wilson Decl. ¶ 1–2, ECF No. 32-1.) Wilson stated that these account records include inbound and outbound communications, which are contemporaneously recorded in the system. According to Wilson, the Defendant performed a comprehensive search of its system of record to determine if the Defendant had placed any outbound calls to the telephone number identified in the Plaintiff's Complaint—260-456-0732. That search did not reveal any outbound calls. The Defendant did have a record of one outbound call being made to the number that, according to Baugmtner's Affidavit, was the originating number of the call she received at her home in or around July 2016. Furthermore, according to Wilson, the Defendant does not have any accounts in its system of record that are associated with the Plaintiff.

The Plaintiff filed a Motion to Strike Exhibit to Defendant's Motion for Summary Judgment [ECF No. 35] directed at Wilson's Declaration. The Plaintiff argued that Wilson could not present a Declaration that relied on his "review of relevant business records" because the Defendant had failed to produce such records in this litigation or to attach them to his Declaration. (Pl.'s Mem. in Supp. 1, ECF No. 36.)

# ANALYSIS

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is the moment in litigation where the non-moving party is required to marshal and present the court with evidence on which a reasonable jury could rely to find in his favor. *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). The court's role in deciding a motion for summary judgment "is not to sift through the evidence, pondering the nuances and inconsistencies, and decide whom to believe. The court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Heochst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994).

With cross motions for summary judgment, the court must construe all facts in a light most favorable to the party against whom the motion under consideration is made. *See Allen v. City of Chi.*, 351 F.3d 306, 311 (7th Cir. 2003). The party that bears the burden of proof for an issue at trial must "cite the facts which it believes [would] satisf[y]" that burden and "demonstrate why the record is so one-sided as to rule out the prospect of a finding in favor of the non-movant." *See Hotel 71 Mezz Lender LLC v. Nat'l Ret. Fund*, 778 F.3d 593, 601 (7th Cir. 2015). "A party opposing summary judgment does not have to rebut factual propositions on which the movant bears the burden of proof and that the movant has not properly supported in the first instance." *Johnson v. Hix Wrecker Serv., Inc.*, 651 F.3d 658 (7th Cir. 2011) (first citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325–26 (1986); then citing *Reserve Supply Corp. v. Owens-Corning Fiberglas Corp.*, 971 F.2d 37, 42 (7th Cir. 1992)).

It is well-established that in ruling on a motion for summary judgment, a court considers

only evidence that would be admissible at trial. *See Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009); *Woods v. City of Chi.*, 234 F.3d 979, 988 (7th Cir. 2000). In conjunction with ruling on the merits, the Court considers the admissibility of the evidence relied upon by the parties in their Motions.

**A.      Baugmtner's Affidavit**

In support of her summary judgment arguments, the Plaintiff references Exhibit A to her Amended Complaint, which is the Affidavit of Nancy Baugmtner. The statements contained in Baugmtner's Affidavit are the only ones in the record that purport to describe the contents of a voicemail Baugmnter received in July 2016 from a person she states identified as calling on the Defendant's behalf in connection with the Plaintiff's debt. The Defendant has challenged the admissibility of Baugmtner's statements on grounds that her Affidavit is undated and unsworn. In response, the Plaintiff's counsel submitted his own Declaration "under penalty of perjury, as provided for by the laws of the United States, 28 U.S.C. § 1746" [ECF No. 38-2], stating that when Baugmtner's signature was obtained through an electronic signature program called DocuSign, it generated a Certificate of Completion. The attached Certificate shows that Baugmtner signed the Affidavit on October 6, 2016.

Rule 56(c)(4) permits the use of affidavits in support of or in opposition to a motion for summary judgment. However, an affidavit is admissible in a summary judgment proceeding only if it is sworn to before an officer authorized to administer an oath, such as a notary public. *See Pfeil v. Rogers*, 757 F.2d 850, 859 (7th Cir. 1985). According to Baugmtner's Affidavit, she was "first duly sworn upon oath." However, her Affidavit does not identify a notary or anyone else

6

who was authorized to administer an oath. *Cf. Pfeil*, 757 F.3d at 859 (finding statements contained in an affidavit admissible even though the formal requirements of a jurat were missing because it was actually sworn to before an officer authorized to administer the oath). Even though Baugmtner's statements are not set forth in a properly notarized affidavit, they are still admissible if they meet the requirements of 28 U.S.C. § 1746.

A declaration contemplated by 28 U.S.C. § 1746 may be submitted instead of an affidavit. *See* Fed. R. Civ. P. 56(c)(4), Advisory Committee Note to 2010 Amendment ("A formal affidavit is no longer required. 28 U.S.C. § 1746 allows a written unsworn declaration, certificate, verification, or statement subscribed in proper form as true under penalty of perjury to substitute for an affidavit."); *see also Owens v. Hinsley*, 635 F.3d 950, 954–55 (7th Cir. 2011) (collecting cases for the proposition that "a declaration under § 1746 is equivalent to an affidavit for purposes of summary judgment"). The statute requires that an unsworn declaration be dated and signed by the declarant "under penalty of perjury" and verified as "true and correct." 28 U.S.C. § 1746:

> Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:
>
> (1) If executed without the United States: "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date).
> (Signature)".

>    (2) If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).
>    (Signature)".

28 U.S.C. § 1746.

Baugmtner's Affidavit contains no verification statement with a date and signature. The Plaintiff argues that the Affidavit complies with § 1746 because a time-stamped DocuSign Certificate of Completion shows when Baugmtner signed it. Accepting the Certification as proof of the date of signature does not, however, remedy the absence of language ensuring that Baugmtner was declaring under penalty of perjury that the statements contained therein were true and correct. With respect to the importance of this language, the Second Circuit has reasoned:

> Inclusion of the language "under penalty of perjury" is an integral requirement of the statute for the very reason that it impresses upon the declarant the specific punishment to which he or she is subjected for certifying to false statements. Moreover, as the Fifth Circuit has observed, omission of the phrase "under penalty of perjury" would "allow[ ] the affiant to circumvent the penalties for perjury in signing onto intentional falsehoods." *Nissho–Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1306 (5th Cir. 1988). We hold that 28 U.S.C. § 1746 requires that a certification of the truth of a matter be expressly made under penalty of perjury. Any other result would be contrary to the plain language of the statute and the objective sought to be advanced by it.

*In re World Trade Ctr. Disaster Site Litig.*, 722 F.3d 483, 488 (2d Cir. 2013) (footnote omitted); *see also Home Sav. of Am., F.A. v. Einhorn*, No. 87 C 7390, 1990 WL 114643, at *4 (N.D. Ill. July 24, 1990) ("The legislative history of § 1746 suggests that Congress intended the 'penalty of perjury' language to be a required part of the declaration."). Because Baugmtner's Affidavit did not use any language that would subject her to the penalties of perjury, it does not comply with the requirements of 28 U.S.C. § 1746 for an unsworn declaration. Therefore, it is not admissible

and the Court does not consider it.

The Plaintiff is left, then, with only the allegations she made in her Amended Complaint as her proof that the Defendant left a voicemail on her sister's home telephone number, and that the caller revealed that the Plaintiff owed a debt. But allegations in pleadings are not proof. *See* Fed. R. Civ. P. 56(c)(1). Additionally, even if the Affidavit was taken into consideration, it is missing crucial information. The Affidavit provides only one telephone number, the number of the caller: 260-310-6880. The Affidavit does not identify Baugmtner's home telephone number. Thus, there is no number to match up to a business record of outbound calls. Additionally, the Plaintiff has made no effort to connect the 260-310-6880 number to the Defendant.

### B.    Call Log and Declaration of Nelson Wilson

In support of her Motion for Summary Judgment, the Plaintiff has submitted a five-page call log that the Defendant provided to her in discovery. According to the Plaintiff, this log supports the following facts that she offers in support of summary judgment: the Defendant called Baugmtner's home phone number (260-456-0732) on July 27, 2016, August 22, 2016, and August 31, 2016. The Defendant argues that the Plaintiff's interpretation of the Defendant's business records is incorrect.

Indeed, the Plaintiff's submission of proof contains serious shortcomings. To start, nothing in the record before this Court establishes that 260-456-0732 was Baugmtner's home telephone number. (The Plaintiff makes this allegation in her Amended Complaint, but no evidence of this fact has been presented.) Second, the Plaintiff has not designated any evidence that explains the entries on the log and upon which a rational factfinder could rely. At present,

9

the log is simply a compilation of data, devoid of context. This bare presentation on an issue that the Plaintiff would carry the burden of proving at trial is not sufficient to proceed to a jury.

The Declaration of Nelson Wilson further shows that the Plaintiff cannot prevail as a matter of law, nor can she avoid the entry of summary judgment in favor of the Defendant. Wilson declares that the Defendant did not make any outbound calls to 260-456-0732. The Defendant did have a record of one *outbound* call to the number that Baugmtner's Affidavit revealed as *originating* the July 2016 call. The record contains no explanation for this, and it is not the Court's duty to "sift through the evidence, pondering the nuances and inconsistencies . . . . The court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge*, 24 F.3d at 920. According to Wilson, the Defendant does not even have any accounts in its system of record that are associated with the Plaintiff. In other words, the Defendant does not have a record of the Plaintiff owing a consumer debt. The Plaintiff has attempted to discredit this testimony, and to demonstrate a genuine issue of fact, but these efforts fall short.

For example, the Plaintiff seeks to strike the Wilson Declaration on grounds that he did not provide or attach the business records that he reviewed to reach his conclusions. The Plaintiff argues that Federal Rule of Civil Procedure 56(e) required the Defendant to attach these records to Wilson's Declaration. The Court does not agree. The version of Rule 56(e) that the Plaintiff relies upon no longer exists. When Rule 56 was amended in 2010, "[t]he requirement that a sworn or certified copy of a paper referred to in an affidavit or declaration be attached to the affidavit or declaration is omitted as unnecessary given the requirement in subdivision (c)(1)(A) that a statement or dispute of fact be supported by materials in the record." Fed. R. Civ. P. 56,

Advisory Committee Notes to 2010 Amendments. Wilson's Declaration is the material in the record that the Defendant cites in support of its statements. The Defendant did not attach any records because they had none that pertained to the Plaintiff. Here, it is the absence of records that is pertinent. *See* Fed. R. Evid. 803(7), Advisory Committee Note to Paragraph 7 ("Failure of a record to mention a matter which would ordinarily be mentioned is satisfactory evidence of its nonexistence."). Wilson's statement, declared under penalty of perjury to be true and correct, that a comprehensive search of the Defendant's system of record did not reveal any accounts in its system that were associated with the Plaintiff, or any outgoing calls to the number she provided in her Amended Complaint, is admissible. It was not necessary for the Defendant to attach all the documents and records that did not support the Plaintiff's claim. Therefore, the Court denies the Plaintiff's Motion to Strike Wilson's Declaration.

Moreover, even without Wilson's Declaration, the Defendant has shown that the Plaintiff "cannot produce admissible evidence to support" the contention that she had a consumer debt with the Defendant. *See* Fed. R. Civ. P. 56(c)(1). "When a plaintiff fails to produce evidence, the defendant is entitled to judgment; a defendant moving for summary judgment need not produce evidence of its own." *Marion v. Radtke*, 641 F.3d 874, 876–77 (7th Cir. 2011) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)). The Plaintiff asserted in the fact section of her summary judgment brief that the "subject debt was incurred by Plaintiff in connection with cable service through Comcast." (Pl.'s Mem. in Supp. 2, ECF No. 30.) The designated material in support is the Defendant's Rule 26(a)(1) Initial Disclosure, which identifies Comcast as a party likely to have discoverable information. By identifying Comcast as a party that could potentially have discoverable information about the subject debt, the Defendant was not offering competent

evidence that the Plaintiff had a debt with the Defendant that originated with Comcast. An essential element of a claim under the FDCPA is that the action complained of was taken in connection with an attempt to collect a debt. *See Ruth v. Triumph P'ships*, 577 F.3d 790, 798 (7th Cir. 2009); *see also Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 384 (7th Cir. 2010) (explaining that FDCPA does not apply unless communication at issue was made "in connection with the collection of any debt") (quoting 15 U.S.C. §§ 1692c(a)–(b), 1692e, 1692g). The Plaintiff has not met her burden to come forward with some evidence upon which a jury could rely to find that the Plaintiff had a debt with the Defendant and that the Defendant made any attempt to collect on that debt.

The Defendant has pointed to the Plaintiff's lack of admissible evidence, and submitted its own evidence, to show that the Plaintiff would not be able to meet her burden of production at trial. There are no "genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Accordingly, summary judgment will be granted in favor of the Defendant and against the Plaintiff.

## CONCLUSION

For the reasons stated above, the Court DENIES the Plaintiff's Motion for Summary Judgment [ECF No. 29], GRANTS the Defendant's Motion for Summary Judgment [ECF No. 31], and DENIES the Plaintiff's Motion to Strike Exhibit to Defendant's Motion for Summary Judgment [ECF No. 35]. The Clerk will enter judgment in favor of the Defendant and against the Plaintiff.

SO ORDERED on May 17, 2018.

                                         s/ Theresa L. Springmann
                                         CHIEF JUDGE THERESA L. SPRINGMANN
                                         UNITED STATES DISTRICT COURT